IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATEJ SVOBODA, | ) | 4:08CV3124 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| TRI-CON INDUSTRIES, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Matej Svoboda, alleges that his employment was terminated by the defendant, Tri-Con Industries, Ltd., in willful violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 to 2654. Tri-Con has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), based on a statute of limitations defense.

A civil action may be brought under the FMLA "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought[,]" except that an "action for a willful violation[1] of . . . [the Act] . . . may be

---

[1] "Although the term 'willful' has not been defined expressly in the FMLA or by the Supreme Court, [the Eighth Circuit] determined in *Hanger v. Lake County*, 390 F.3d 579, 583 (8th Cir. 2004), that the Supreme Court's definition for 'willful' in the context of the Fair Labor Standards Act [(FLSA)] also applies to the term 'willful' under the FMLA. Under that definition, the plaintiff must demonstrate the employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.' *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). Such a standard recognizes an employer's general knowledge about the statute's potential applicability, by itself, fails to demonstrate willfulness. *Id.* at 584." *Samuels v. Kansas City Missouri School Dist.*, 437 F.3d 797, 803 (8th Cir. 2006).

brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617 (c)(1),(2). The present action was filed on June 11, 2008. The date of Svoboda's termination is not alleged.

In support of the motion Tri-Con has filed evidence, in the form of an affidavit with attached business records, to show that Svoboda's employment was terminated on June 29, 2005, for job abandonment. Svoboda has filed an opposing affidavit with attachments, but has also filed an objection to Tri-Con's evidence, contending that it "attempts to interject . . . facts and circumstances outside of pleadings" and also that there are "material questions of fact" regarding such evidence. (Filing 21.)

"When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). It may, however, consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.' *Id.* (internal quotation omitted); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, ___ U.S. ___, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007)." *Noble Systems Corp. v. Alorica Central, LLC*, ___ F.3d ___ 2008 WL 4489667, *2 (8th Cir. Oct. 8, 2008).

While Tri-Con's evidence concerning the date of Svoboda's firing does not contradict the complaint, since the complaint is conspicuously silent on this point,[2] the filed evidentiary materials still constitute "matters outside the pleadings" for purposes of Federal Rule of Civil Procedure 12(d).[3] "Most courts . . . view 'matters

---

[2] Svoboda states in his brief that he did not learn of his termination until September 12, 2005, which is still more than 2 years prior to the commencement of this action. This is a judicial admission of fact. *See Holman v. Kemna*, 212 F.3d 413, 418 (8th Cir. 2000).

[3] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992) (quoting Wright & Miller, *Federal Practice and Procedure* § 1366).  The Eight Circuit has adopted this view, stating that "[t]his interpretation of the rule is 'appropriate in light of [its] prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint.'" *BJC Health System v. Columbia Casualty Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003) (quoting *Gibb*, 958 F.2d at 816).  Tri-Con's attempt to establish that the action is barred by the statute of limitations, by trying to disprove Svoboda's allegation that there was a willful violation of the FMLA, clearly exceeds the permissible scope of a Rule 12(b)(6) motion.

"However, '[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 491 (2d ed.1990)).  Even though Svoboda has already filed opposing evidence, I will sustain his procedural objection and not convert Tri-Con's motion to dismiss into a motion for summary judgment.

Tri-Con argues that the complaint fails to invoke the 3-year limitations period because Svoboda makes only a general allegation that "the Defendant's violation of the FMLA was willful." (Filing 6, ¶ 10, at CM/ECF p. 2.)  This allegation is sufficient under federal pleading practice, however, because "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed.R.Civ.P. 9(b). *See Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004) ("Because a plaintiff's factual allegations must be taken as true for purposes of deciding a Rule 12(b)(6) motion to

---

summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." F.R.Civ.P. 12(d).

3

dismiss, a plaintiff may withstand such a motion merely by having alleged that the FMLA violation was willful."); *LePage v. Blue Cross and Blue Shield of Minnesota*, 2008 WL 2570815, *3 (D.Minn. 2008) (plaintiffs' general assertions satisfied requirements of pleading willful violation of the FLSA); *Moran v. GTL Const., LLC*, 2007 WL 2142343, *4 (S.D.N.Y. 2007) (willfulness qualifies as a factual state of mind under Rule 9(b)); *Caucci v. Prison Health Services, Inc.*, 153 F.Supp.2d 605, 609 (E.D.Pa. 2001) (allegation that defendant's conduct was "willful, intentional, and in flagrant disregard of the provisions of the FMLA" was sufficient to trigger the 3-year statute of limitations).

IT IS ORDERED that:

1. The plaintiff's objection (filing 21) to the court's consideration of evidence filed by the defendant is sustained.

2. The defendant's motion to dismiss (filing 14) is denied.

October 27, 2008.                BY THE COURT:

                                 s/ *Richard G. Kopf*
                                 United States District Judge